IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LYNN EDWARDS #566917 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv386 |
| EDWARD COBLE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Johnny Lynn Edwards, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his lawsuit, Edwards complains of an incident which occurred on March 18, 2008. He filed a Step One grievance on March 23, 2008, and a Step Two grievance on May 22, 2008. The Step Two grievance was denied on August 4, 2008. Edwards signed his lawsuit on August 2, 2010.

After review of the pleadings, the Magistrate Judge issued a Report on October 6, 2010, recommending that the lawsuit be dismissed because of the expiration of the statute of limitations. The Magistrate Judge stated that under Fifth Circuit authority, the statute of limitations is tolled during the time that administrative remedies are being pursued. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). Edwards pursued his administrative remedies between March 23, 2008, when he filed his Step One grievance, and August 2, 2008, when the Step Two grievance was denied. This is a total of 134 days. When this time is added to Edwards' two-year limitations period, it gives him a total of 864 days from the date of the incident (two years plus 134 days) in

which to file his lawsuit. When this time period is added, Edwards had until July 30, 2010, in which to file his lawsuit; however, he did not even sign his complaint until August 2, 2008, and so his lawsuit was filed outside of the statute of limitations.

In his objections to the Report of the Magistrate Judge, Edwards argues foe a different calculation. He says that the limitations period should be calculated as two years from the date that his Step Two grievance was denied. Because this occurred on August 4, 2008, Edwards says that his lawsuit was timely.

Although Edwards points to a Report issued by this Court in another case, docket no. 6:09cv285, he is incorrect. That Report specifically states that "the limitations deadline should be tolling during *the pendency of state administrative proceedings.*" (Emphasis added) Edwards' state administrative proceedings were not "pending" until he initiated them, by filing his Step One grievance, and the time between the incident and the date that Edwards filed a Step One grievance cannot be counted as time during which the administrative remedy process was "pending.". The Report of the Magistrate Judge correctly calculated Edwards' limitations period and determined that this lawsuit was filed after this period had expired, and Edwards' objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

---

[1] The Report in case no. 6:09cv285 does say that the claims in that case "should have been filed no later than June 25, 2009," which is two years after the Step Two grievance was denied. However, this simply represents the *last possible date* that the claims could have been filed, had Edwards initiated administrative proceedings on the very day of the incident. As the Report makes clear, the limitations deadline is equitably tolled during the pendency of state proceedings, and such proceedings cannot be pending until they are initiated. Edwards' proposed rule would count all time from the incident until the Step Two grievance as tolled, even if the administrative remedies were not pending during all of that time.

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, because of the expiration of the statute of limitations. 28 U.S.C. §1915A. It is further

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED. Finally, it is

ORDERED that the Clerk shall provide a copy of this Memorandum Opinion to the Administrator of the Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 15th day of November, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**